**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____x

**JASON GEIGER,**

    **Plaintiff,**                       **Case Number**  1:24-cv-339 (MAD/DJS)

**v.**

**GLOBALFOUNDRIES U.S. INC.,**

    **Defendant.**
_____x

## COMPLAINT & JURY DEMAND

1. The Plaintiff, Jason Geiger, sues Defendant, GlobalFoundries U.S. Inc. for Family Medical Leave Act (FMLA) interference and disability discrimination pursuant to the American with Disabilities Act (ADA).

2. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. § 12117(a).

3. Plaintiff worked for Defendant in Malta, New York.

4. Venue is appropriate in the Albany Division pursuant to L.R. 3.3 as Plaintiff worked for Defendant in Saratoga County, New York.

5. Plaintiff worked for Defendant as a Maintenance Technician from on or about June 2019 through on or about June 2021.

6. Plaintiff worked for Defendant as a Logistics Technician from on or about July 2021 to on or about December 2021.

7. Defendant discharged Plaintiff on December 9, 2021.

8. Plaintiff has Attention-Deficit / Hyperactivity Disorder (ADHD) and Tourette syndrome (TS).

9. Plaintiff notified Defendant of having ADHD and TS in October 2019.

10. Individuals with TS struggle with social competence, have higher levels of behavioral problems, and their social skills are at lower levels.

11. Plaintiff was socially awkward.

12. Plaintiff notified Defendant in October 2019 that he was socially awkward when he disclosed his disabilities, i.e. ADHD and TS.

13. Defendant discharged Plaintiff because one or more co-workers complained in the Autumn of 2021 that Plaintiff played an inappropriate music video on YouTube.

14. Plaintiff mimicked the behavior of his co-workers, but because of his disabilities his actions were considered to be offensive while non-

disabled employees were permitted to engage in similar conduct because they were not socially awkward.

15. It is important to note that Defendant did not escalate any problems with Plaintiff until after he was transferred to a new department.

16. In other words, Defendant accommodated Plaintiff's disability through June 2021.

17. After the move to the Defendant's Logistics department, the new department discriminated against Plaintiff, disregarded its obligations under the FMLA and ADA causing Plaintiff's discipline and ultimate termination.

**Count I - FMLA**

18. Plaintiff reincorporates paragraphs 1 through 17 as if stated fully herein.

19. Defendant employs more than 50 employees within 75 miles of where Plaintiff worked for Defendant.

20. Plaintiff had worked more than one year for Defendant when the need for FMLA arose.

21. Plaintiff provided Defendant enough information to require the notice requirements of the FMLA.

22. Defendant willfully failed to provide Plaintiff FMLA notice.

23. Defendant willfully failed to place Plaintiff on retroactive FMLA leave.

24. Defendant was required to notify Plaintiff of his FMLA rights in September 2021.

25. Defendant was required to notify Plaintiff of his FMLA rights in November 2021.

26. Plaintiff was entitled to be on FMLA leave in lieu of discipline.

27. The conduct that Defendant complained about Plaintiff was due to his disability.

28. Had Defendant notified Plaintiff of his FMLA rights at anytime prior to discharge, Plaintiff would have complied with any medical certifications and gone on leave.

29. Defendant ignored its FMLA obligations as an employer.

30. Defendant acknowledged that Plaintiff provided reasons for his conduct.

31. Defendant's violations of the FMLA led to Plaintiff's discharge.

32. Defendant knew about the FMLA.

33. Defendant knew that Plaintiff had a serious medical condition.

34. Defendant knew that Plaintiff's medical condition required him to miss work for more than three days. Specifically, when Defendant considered Plaintiff's behavior not to be complaint with normal standards Defendant should have placed Plaintiff on FMLA leave.

35. Yet, Defendant pretended as though it had no obligations under the FMLA and that Plaintiff's conduct was not related to TS or ADHD.

36. Plaintiff sues Defendant for willfully interfering with his FMLA rights.

37. Suit is timely as it is being filed within three years of Defendant's FMLA interference.

Wherefore, Plaintiff demands judgment, trial by jury, back pay, liquidated damages, reinstatement, if reinstatement is not feasible front pay, attorney's fees, costs and any relief the Honorable Court deems just.

**Count II – ADA**

38. Plaintiff reincorporates paragraphs 1 through 17 as if stated fully herein.

39. Plaintiff has a disability as defined by the ADA Amendments Act.

40. Defendant employed over 500 employees.

41. Defendant knew that Plaintiff had a disability.

42. Plaintiff filed a charge of discrimination with the EEOC on or about January 3, 2022.

43. The EEOC issued a notice of right to sue on or about December 11, 2023.

44. Plaintiff sues Defendant within 90 days of receiving his notice of right to sue.

45. Defendant raised concerns of Plaintiff's behavior in September and November of 2021.

46. Plaintiff notified Defendant that his behavior on both instances were impulsive, that he did not have control of himself, that he meant no offense, that he did not intentionally violate any employer policies, and that he believed his conduct was consistent with what he observed other employees doing.

47. Plaintiff explicitly notified Defendant of his medical conditions that are considered disabilities under the ADA.

48. One condition impacted Plaintiff's ability to process Defendant's directions about socially expected behavior in the workplace; the other condition made Plaintiff act impulsively and engage in repetitive conduct.

49. Plaintiff explicitly requested an accommodation under the ADA.

50. Defendant did not engage in the ADA interactive process as mandated to do so.

51. Rather, Defendant summarily declared that the "accommodation request is not relevant to the alleged behavior."

52. Defendant violated the ADA by not engaging in the interactive process of the ADA, by failing to accommodate Plaintiff, and by terminating Plaintiff because of his disability.

53. Plaintiff engaged in the socially awkward behavior because of his disabilities.

54. Defendant discharged Plaintiff because of his ADHD and TS.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs and any other relief the Court deems just and appropriate.

Respectfully submitted this 9th day of March 2024,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Tel – (502) 475-8201
Email – Bernie@TheLaborFirm.com
